No. 2349

Second Circuit

## RECEIVERSHIP OF ZWOLLE LUMBER COMPANY

Opposition of New Amsterdam Casualty Company

(November 10, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Receivers—Par. 24, 25.**

The premium on a policy of indemnity against liability under the Workmen's Compensation Law issued to the receiver of a corporation engaged in operating as a "going concern" the business of the company under order of court is part of the court costs of the receivership and entitled to be ranked as such and to the privilege of such rank on the final account of the receiver.
Civil Code, Art. 3191.
Teutonia B. & T. Co. vs. Security Brewing Co., 137 La. 1046; 69 South. 833.
Borne vs. Alexandria Hardwood Co., 140 La. 315, 72 South. 979.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Sabine. Hon. Hal A. Burgess, Judge.

This is the Receivership of Zwolle Lumber Company, Opposition of New Amsterdam Casualty Company.

There was judgment for defendant and third opponent appealed.

Judgment affirmed in part and reversed in part.

Lemle, Moreno & Lemle, of New Orleans; Don E. Sorelle, of Many, attorneys for third opponent, appellant.

R. A. Fraser, of Many, attorney for S. L. Carroll, as receiver, defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J.  This is an opposition by the New Amsterdam Casualty Company to the final account of S. L. Carroll as Receiver of the Zwolle Lumber Company.

It alleges that it issued to the receiver, who was engaged in operating the sawmill business of the Zwolle Lumber Company as a "going concern" under order of court, its policy of insurance No. 149,238 obligating it to pay all claims for compensation that might arise against the Receiver under the Workmen's Compensation Law; that there was a balance of $377.96 owing to it on the premium for the policy; that it was entitled to be listed as a creditor of the Receivership for said amount on the final account of the Receiver; and that the nature of its claim entitled it to privilege and to be classed as a privilege claim on the final account.

The Receiver, in answer to the opposition, admitted the correctness of opponent's claim and alleged that it had been allowed and opponent put on his final account as an ordinary creditor for the amount claimed; but the Receiver denied that the nature of opponent's claim entitled it to privilege or that opponent was entitled to have it put down as a privilege claim on the final account.

On this issue the case was tried and the trial court adjudged:

"That the claim of the New Amsterdam Casualty Co. be allowed as a debt of the Receivership, for the sum of three hundred seventy-seven and 96-100 dollars, but that the claim of privilege, preference and priority asserted upon said claim be refused, and the opposition to the Receiver's account is dismissed."

## OPINION

Counsel for both the Receiver and Third Opponent agree that the sole question for determination by this court is one of law, namely: whether a debt for premium on a policy of indemnity against liability under the Workmen's Compensation Law contracted by the Receiver while engaged in operating as a "going concern" under order of court the business of the Zwolle Lumber Company is entitled to be placed in the final account of the Receiver as a privilege claim.

This question was practically decided by our Supreme Court in the case of Teutonia Bank & Trust Co. vs. Security Brewing Company, 137 La. 1046, 69 South. 833, wherein the court, through Chief Justice Monroe as its organ, held:

"We are of opinion that the authority vested in, and the duty imposed on, the receivers, to operate the brewery as a going concern, carried with it the authority to incur such expenses as were necessary to the performance of that duty, and that the expenses so incurred fall within the category and enjoy the privileges established in favor of law charges."

And in the case of Borne vs. Alexandria Hardwood Company, 140 La. 315, 72 South. 979, it was held, Chief Justice O'Niell being the organ of the court, in a syllabus prepared by the court, that:

"According to the provisions of Section 5 of Act No. 159 of 1898, as amended by Act No. 212 of 1910, before it was again amended by Act No. 199 of 1914, the privilege, securing the payment of debts contracted by a receiver, for money borrowed on certificate of indebtedness, or for necessary supplies purchased by the receiver, and used in carrying on the business of the corporation as a going concern under orders of court, was superior in rank to the lien and privilege of the vendor of a part of the property of the corporation. Such debts contracted by a receiver are in the category of law charges, and are taxed as costs of court."

No question of the relative rank of third opponent's claim and the claims secured by vendor's lien and privilege is raised, for the reason that in the judgment appealed from the latter claims are ranked ahead of the claim of third opponent and no complaint is made by third opponent as to that part of the judgment; its only complaint being that its claim was entitled to be ranked as a privilege one and to be paid as other court costs.

Learned counsel for the Receiver says, in brief, that third opponent's claim is for balance due on a premium on a policy of indemnity issued by third opponent to the Zwolle Lumber Company before the Receiver was appointed.

In this he is in error. Paragraph second of the petition of third opposition avers:

"Your petitioner further represents that it issued compensation policy U. S. C. No. 149,238 in favor of S. L. Carroll, receiver appointed herein, which policy bound and obligated your petitioners to pay all claims of compensation which might arise against the said receiver from the operation of the business of the Zwolle Lumber Company."

And the truth of these allegations is admitted by the Receiver in paragraph second of his answer to the petition.

Hence we are of opinion that the claim of third opponent constitutes a debt contracted by the Receiver after his appointment and in the conduct of the business of the Zwolle Lumber Company as a "going concern".

Under the two authorities cited, it is therefore ordered, adjudged and decreed that so much of the judgment appealed from as decrees:

"that the claim of privilege, preference and priority asserted upon said claim be refused and the opposition to the receiver's account be dismissed,"

be and the same is hereby annulled, avoided and reversed; and it is now ordered, adjudged and decreed that third opponent's claim for $377.96 be classed by the Receiver on his final account as court costs and be paid by him as such *pari passu* with other costs of the Receivership; and that, in all other respects, the judgment appealed from be affirmed. The costs of the third opposition, including this appeal, to be paid by the Receiver as court costs out of the funds of the Receivership.